# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| SHELLY M. JONES,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>Defendant. | **CV-23-66-GF-BMM**<br><br><br><br>**ORDER** |

## INTRODUCTION

Shelly M. Jones ("Jones") brings this action under 42 U.S.C. § 405(g), seeking judicial review of an unfavorable decision by the Commissioner of Social Security ("Commissioner"). (Doc. 1); (Doc. 5.) Jones prays that the Court grant a period of Social Security disability and disability insurance benefits based upon her application for benefits. (Doc. 1 at 4) *see* (Doc. 3 at 1462). Jones requests alternatively that the Court remand this action to the Administrative Law Judge for reconsideration. (Doc. 1 at 4.) The Commissioner opposes Jones's motion. (Doc. 7.)

## JURISDICTION

1

The Court retains jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Jones resides in Sand Coulee, Montana. 28 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3); *see* (Doc. 1 at 1.)

## PROCEDURAL BACKGROUND

Jones filed a Title II application for a period of disability and disability insurance benefits on November 30, 2018. *See* (Doc. 3 at 1462.) Her claims were denied on April 2, 2019. (*Id.* at 103-105.) Jones's claims were again denied on reconsideration on August 14, 2019. *See* (*Id.* at 1489.)

Jones requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 114). The ALJ held a hearing on June 4, 2020. (Id. at 31- 80.) The ALJ issued an unfavorable decision concerning Jones's application on September 8, 2020. (*Id.* at 1486-1503.) Jones sought review from the Appeals Council of the Social Security Administration of that decision. (*Id.* at 148-151.) The Appeals Council denied Jones's request for review of the decision on March 2, 2021. (*Id.* at 6-10.)

Jones filed a complaint on May 3, 2021, in this Court. (*Id.* at 1522-1524.) The Court reversed the Commissioner's decision and remanded the case for further administrative proceedings. *Jones v. Kijakazi*, 4:21-cv-00048-JTJ ("*Jones I*"), Doc. 18 ("the *Jones I* Order"). The Court entered judgment on February 28, 2022. *Jones I*, Doc. 19; *see also* (*Id.* at 1531-1532.)

The ALJ held a telephonic hearing on remand on June 27, 2023. *See* (*Id.* at 1450.) The ALJ issued an unfavorable decision concerning Jones's application on July 12, 2023. (*Id.* at 1450-1462.) The ALJ's July 2023 unfavorable decision is at issue in this action.

## STANDARD OF REVIEW

The Court reviews the Commissioner's final decision under the substantial evidence standard; the decision will be disturbed only if it is not supported by substantial evidence or if it is based on legal error. *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); *see also Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 678 (9th Cir. 2005). "'Substantial evidence' means 'more than a scintilla,' but 'less than a preponderance.'" *Smolen*, 80 F.3d at 1279 (internal citations omitted).

The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 534 (9th Cir. 1986.) The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the

ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISABILITY CRITERIA

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382(a)(3)(A), (B)).

Social Security Administration regulations provide a five-step sequential evaluation process to determine disability. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The five steps are as follows:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2.      Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3.      Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. § 416.920(e).

4.      Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. § 404.1520(f), 416.920(f).

5.      Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. § 416.920(g).

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof at steps one through four. *See id.* The Commissioner bears the burden of proof at step five. *Id.*

## FACTUAL BACKGROUND

### I.      The ALJ'S Determination on Remand

At step one, the ALJ found that Jones had not engaged in substantial gainful activity since 2007. (Doc. 3 at 1453.) The ALJ determined that Jones last met the insured status requirements of the Social Security Act on September 30, 2016. (*Id.*)

At step two, the ALJ found Jones to be afflicted with four severe impairments through the date last insured: bilateral knee disorder status post knee replacement surgeries, degenerative disc disease, headaches, and left shoulder disorder. (*Id.*) The ALJ identified obesity as a non-severe impairment afflicting Jones. (*Id.*)

5

At step three, the ALJ found that Jones did not have an impairment or combination of impairments that met or medically equaled the severity described in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id.* at 1453-1454.)

At step four, the ALJ determined Jones's residual functional capacity ("RFC") and then evaluated whether it would allow Jones to perform any past relevant work. (*Id.* at 1454-1461.) The ALJ followed the two-step process to determine Jones's RFC. The ALJ first evaluated whether Jones's impairments could produce her alleged symptoms. The ALJ then considered the intensity, persistence, and limiting effects of those symptoms and the resulting limitations on Jones's potential work activities. (*Id.* at 1455.)

The ALJ determined that Jones's severe impairments could cause the alleged symptoms. (*Id.*) The ALJ concluded, however, that Jones's "statements concerning the intensity, persistence, and limiting effects of these symptoms" proved "not entirely consistent with the medical evidence and other evidence in the record[.]" (*Id.*) The ALJ determined that Jones possesses the residual functional capacity to perform sedentary work:

> She can be on her feet (walking and/or standing) for 2 hours in an 8 hour day, and sit for 6 hours in an 8 hour day. She can lift 10 pounds occasionally and less than 10 pounds frequently. She cannot climb ladders or scaffolding, nor can she crawl. She can perform all other postural activities on an occasional basis. She can only reach overhead with her left upper extremity on an occasional basis, and then she is limited in lifting objects

that weight one pound or less. She should avoid concentrated exposure to extreme cold and to vibrations.

(*Id.* at 1454.) The ALJ determined that Jones possessed the residual functional capacity to perform work as an insurance clerk, which was relevant work that she had done in the past. (*Id.* at 1460.) The ALJ nevertheless proceeded to and made alternative findings for step five. (*Id.* at 1461.)

At step five, the ALJ assessed whether Jones could perform any other work, given Jones's age, education, work experience, transferable skills, and residual functional capacity. (*Id.*) The ALJ considered the vocational expert's ("VE") opinion as to whether jobs existed in the national economy for an individual with the claimant's age, education, past relevant work experience, and residual functional capacity. (*Id.*) The VE identified several jobs that fulfill these criteria: data entry, patient scheduling, and billing and collections clerk. (*Id.*) The ALJ determined that Jones was not disabled under sections 216(i) and 223(d) of the Social Security Act through the date last insured. (*Id.* at 1462.)

## II.    Jones's Position

Jones argues that the ALJ erred in the two ways: (1) failing to properly consider Jones's treatment needs in the residual functional capacity analysis and thereby failing to comply with the Court's remand order (Doc. 5 at 27-30); and (2) failing to incorporate relevant evidence about treatment into the vocational expert's hypothetical question. (*Id*. at 30-31).

### III.    Commissioner's Position

The Commissioner asserts that the Court must limit its review to the error identified as the reason for remanding the case and that the ALJ adequately considered Jones's medical treatment needs pursuant the Court's order. (Doc. 7.)

## DISCUSSION

The Court possesses discretion as to whether to apply in Social Security cases the "law of the case doctrine," which "generally prohibits a court from considering an issue that has already been decided by that same court [. . .] in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The Court declines to reopen any matter settled by the Court in *Jones I*, pursuant to the law of the case doctrine, in the interest of judicial efficiency, and in fairness to both parties. *See* (Docs. 5, 7) (both parties' briefs invoking the law of the case doctrine).

The Court remanded Jones's case for further proceedings and with the instructions that "[o]n remand, the ALJ should properly consider and discuss Jones's treatment needs." *Jones I* Order at 12. The *Jones I* Order determined that it was "error for the ALJ not to consider and discuss Jones's treatment needs as part of the RFC assessment." *Id.* at 11. This matter turns on whether the ALJ complied with the Court's remand instructions.

The ALJ failed to comply with the *Jones I* Order by failing to address issues noted as needful of additional consideration on remand. The Commissioner argues

that the ALJ did consider and discuss Jones's treatment needs and, by doing so, met

his duty on remand. (Doc. 7.) The Commissioner's assertion cannot weather closer

inspection.

The Court detailed the shortcomings that constituted the ALJ's error to several

degrees of specificity. The Court found, at an intermediate level of abstraction, that

"the ALJ did not consider whether Jones's medical treatment could potentially

interfere with her ability to work," then provided additional detail by finding that the

ALJ's failure arose "*specifically*" (emphasis added) from the ALJ's failure to "note,

weigh, or otherwise consider the frequency and duration of Jones's medical

treatment." *Jones I* Order at 10. The Court next surveyed the error of the ALJ at a

higher level of detail to determine that, even more specifically, the ALJ "should have

considered" the following issues:

> 1. Was "Jones [. . .] able to schedule her medical appointments in a way that
>
> would minimize her time away from work"?
>
> 2. Would "the frequency of Jones's medical appointments [. . .] likely continue
>
> or subside over time"?

*Id.* The Court did not stop at noting that, metaphorically, the baker departed from

the recipe, or that the baker's error stemmed from a mistake in the ingredients he

used, but specifically found that the baker forgot to add eggs or properly measure

the flour. The Court, in other words, specifically defined the error. The ALJ was

required to remedy the error according to the specific definition provided by the Court. The Court's statements provided a clear minimum checklist of issues to resolve on remand. Failure to address each item on that checklist constitutes error.

The ALJ considered supplementary testimony by Jones on remand. (Doc. 3 at 1455); *see* (Doc. 3 at 1473-1479). The ALJ did not supplement the record on remand with any evidence other than Jones's testimony and the testimony of a vocational expert. *See* (Doc. 3 at 1469.) The new evidence, though, contains no facts capable of going to several of the specific unresolved points highlighted in the *Jones I* Order. No facts exist in the supplemented record to answer whether "Jones was able to schedule her medical appointments in a way that would minimize her time away from work" or whether "the frequency of Jones's medical appointments would likely continue or subside over time." *Jones I* Order at 10. The Court stated that the ALJ "should have considered" these issues. *Id.* The transcript of the hearing on remand contains no mention of Jones's ability to schedule medical appointments outside of work hours. *See generally* (Doc. 3 at 1473-1484). The ALJ nevertheless concluded, among other things, that Jones's "appointments were essentially elective appointments that she could have scheduled in a manner to allow for work activity." (Doc. 3 at 1455.) The ALJ impermissibly speculated to reach that conclusion. The transcript of the hearing likewise contains no information as to whether Jones's medical appointments would continue, subside, or increase in frequency over time.

*See generally* (Doc. 3 at 1473-1484). The ALJ omits any consideration of the issue in the RFC assessment. *See generally* (Doc. 3 at 1445-1462.) "Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989). The ALJ erred by failing to consider and discuss Jones's treatment needs as part of the RFC assessment in line with the Court's remand instructions in the *Jones I* Order.

"If additional proceedings can remedy defects in the administrative proceeding, a social security case should be remanded for further proceedings." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (cleaned up). The Court cannot, as the ALJ cannot, fill in the blanks as to the frequency and duration of Jones's treatment. *See* SSR 96-8p; *see also Jones I* Order at 9-12. Indeed, that same limitation on the Court resulted in the first remand. The ALJ failed, on remand, to equip himself or the Court with adequate evidence on the areas highlighted as lacking by the Court's *Jones I* Order. The proper remedy—although not the ideal remedy hoped for by either party—is remand. Any further failure by the ALJ to follow the Court's instructions will result in the award of benefits.

## ORDER

Accordingly, **IT IS ORDERED** that

1. Jones's Motion for Summary Judgment (Doc. 5) is **GRANTED**.

2.  The Court **REVERSES** the decision of the Commissioner of the Social Security Administration and **REMANDS** this case to the Commissioner of the Social Security Administration for further proceedings consistent with this Order pursuant 42 U.S.C. § 405(g).

**DATED** this 3rd day of May, 2024.


_____
Brian Morris, Chief District Judge
United States District Court